J-S36026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMMANUEL SANCHEZ, | |
| Appellant | No. 1035 EDA 2016 |

Appeal from the Judgment of Sentence of October 29, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005519-2014
and CP-51-CR-0005520-2014

BEFORE:  PANELLA, J. OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 15, 2017**

Appellant, Emmanuel Sanchez, appeals from the judgment of sentence entered on October 29, 2015, as made final by the denial of his post-sentence motion on March 9, 2016.  We affirm.

The trial court accurately set forth the factual background of this case as follows:

> On February 5, 2014, at about 3:00 [p.m.], Nilzon Feliciano [("Father")], along with his son Nilson Feliciano [("Son")], approached Luis Serrano [("Serrano")] . . .  in their vehicle on the 3200 block of North Philip Street in Philadelphia.  Their reason for approaching Serrano was due to a disagreement that began six months prior, regarding a faulty transmission sold by Serrano to [Father].  That day, [Father] went to request a refund in the amount of $400[.00] from Serrano, upon discovering in the months before that the transmission did not function properly.  According to [Son], the two men had not originally intended to confront [] Serrano, but happened to see him on the block on their way to [Father]'s ex-wife's home.

[Father] testified that he knew [] Serrano due to mechanic work that Serrano did for him and other residents in the neighborhood, and because Serrano lived across the street from his ex-wife. [Son] testified that he also knew who Appellant was, from growing up in the neighborhood with him. [Son] stated that he recognized Appellant when he approached him during [the] incident, in part due to Appellant walking with a limp.

Upon seeing Serrano on Philip Street, [Father] exited his vehicle in order to confront Serrano and ask for the refund. After briefly talking with [Father], Serrano walked into his home at 3252 North Philip Street. Moments later, Serrano returned with a handgun in his hand, partially concealing the weapon within his hoodie. Serrano then pointed the handgun towards [Father]'s stomach area and stated, "Let's talk now."

[Father] told [] Serrano that they did not have more to talk about, and that he only wanted his money back. [Son] stepped out of the car at that point. [Father] then told [Son] "Let's go, let's go," and the two of them drove around the corner in their vehicle. [Father] parked the vehicle and both men exited on Philip Street and Allegheny Avenue. The two men were planning to go to the home of [Father]'s ex-wife, which was on Philip Street towards the direction they had come from.

While walking up Philip Street, [Father and Son] were approached by Appellant. . . . Appellant walked down from the porch at 3252 Philip Street and onto the sidewalk across from [Father] and [Son]. Appellant wore a red hoodie, and was carrying an AK-47 in his arms. After [Father] briefly told Appellant that he only wanted his money back, Appellant began crossing Philip Street towards the complainants, and fired one round towards them. [Father] hid between cars on the street, while [Son] took off running. Standing in the middle of the street, Appellant [fired] four more rounds in the direction of [Son], who was running towards Allegheny [Avenue]. Neither [Father] nor [Son] was hit by any bullets. [Son] sustained a minor injury when he fell and scraped his knee.

Trial Court Opinion, 9/12/16, at 2-3 (internal citations omitted).

The procedural history of this case is as follows. The Commonwealth charged Appellant via two criminal informations with two counts each of attempted murder,[1] conspiracy to commit murder,[2] aggravated assault,[3] simple assault,[4] possession of a firearm by a prohibited person,[5] carrying a firearm without a license,[6] and carrying a firearm on the streets of Philadelphia.[7] The Commonwealth moved to consolidate Appellant's two cases with Serrano's two cases. The trial court granted the consolidation motion.

Trial commenced on May 4, 2015. On May 7, 2015, a jury convicted Appellant of two counts each of attempted murder, conspiracy to commit murder, carrying a firearm without a license, and carrying a firearm on the streets of Philadelphia. The trial court found Appellant guilty of two counts of possession of a firearm by a prohibited person. On October 29, 2015, the trial court sentenced Appellant to an aggregate term of 13 to 28 years' imprisonment. On November 8, 2015, Appellant filed a post-sentence

---

[1] 18 Pa.C.S.A. § 901, 2502.

[2] 18 Pa.C.S.A. § 903, 2502.

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] 18 Pa.C.S.A. § 2701(a).

[5] 8 Pa.C.S.A. § 6105(a)(1).

[6] 8 Pa.C.S.A. § 6106(a)(1).

[7] 8 Pa.C.S.A. § 6108.

motion, which was denied by operation of law on March 9, 2016. This timely appeal followed.[8]

Appellant presents three issues for our review:

1. Where the record is void of any evidence of an agreement between Appellant and [] Serrano, did the Commonwealth offer insufficient evidence to prove [c]riminal [c]onspiracy?

2. Did the [trial] court err by admitting into evidence an earlier incident not involving Appellant that was irrelevant to Appellant's matter and thus unfairly and unduly prejudiced the jury against Appellant?

3. Did the [trial] court violate [Pennsylvania Rule of Criminal Procedure 582] by consolidating [] Serrano's confrontation with [Father and Son] with Appellant's trial, even though that confrontation was separate, apart[,] and irrelevant to [A]ppellant's matter?

Appellant's Brief at 4.

In his first issue, Appellant argues that there was insufficient evidence to convict him of conspiracy to commit murder. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Giron**, 155 A.3d 635, 638 (Pa. Super. 2017) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to

---

[8] On April 5, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On May 29, 2016, Appellant filed his concise statement. On September 12, 2016, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

find every element of the crime beyond a reasonable doubt." **Commonwealth v. Sauers**, 159 A.3d 1, 11 (Pa. Super. 2017) (citation omitted). "[T]he evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part[,] or none of the evidence presented." **Commonwealth v. Boniella**, 158 A.3d 162, 165 (Pa. Super. 2017) (citation omitted).

In order to convict a defendant of conspiracy to commit an offense, "the Commonwealth must establish the defendant: 1) entered into an agreement to commit or aid in an unlawful act with another person or persons; 2) with a shared criminal intent; and 3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. Dantzler**, 135 A.3d 1109, 1114 (Pa. Super. 2016) (*en banc*) (internal quotation marks and citation omitted). In this case, Appellant contends that there was insufficient evidence to prove the first element of the offense, *i.e.*, he argues there was insufficient evidence that he entered into an agreement with Serrano to murder Father and Son. "[A] conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation." **Commonwealth. v. Orie Melvin**, 103 A.3d 1, 43 (Pa. Super. 2014) (citation omitted).

Appellant argues that there was insufficient time between Father's and Son's confrontation with Serrano and Appellant opening fire on Father and

Son for Appellant to have reached an agreement with Serrano. We disagree. Appellant appeared on Serrano's porch with an AK-47 and opened fire on Father and Son approximately five to ten minutes after Father and Son requested a refund from Serrano, and Serrano pointed a gun at Father. Contrary to Appellant's argument, this was a sufficient amount of time for Appellant to reach an agreement with Serrano to murder Father and Son. Appellant and Serrano could have reached an agreement with shared intent through either visual or verbal cues. Accordingly, we conclude that there was sufficient evidence to convict Appellant of conspiracy to commit murder.

In his second issue, Appellant argues that the trial court erred in admitting evidence of Serrano's confrontation with Father and Son. As this Court has explained:

> The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

***Commonwealth v. Akrie***, 159 A.3d 982, 986–987 (Pa. Super. 2017) (citation omitted).

Appellant contends the evidence of Serrano's confrontation with Father and Son was irrelevant. Rule 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence[ and] the fact is of consequence in determining the action." Pa.R.Evid. 401. The confrontation between Serrano and Father and

- 6 -

Son was relevant to Appellant's case because that meeting was crucial circumstantial evidence tending to prove that Serrano and Appellant reached an agreement to murder Father and Son. Combined, what occurred during that confrontation, the time between the confrontation and the shooting, the location of the confrontation, the location of the shooting, and the parties' relationship provided the jury with enough circumstantial evidence to conclude that Serrano and Appellant reached an agreement to use firearms to inflict harm on Father and Son. Without evidence regarding the confrontation, there would have been significantly less evidence tending to prove that Appellant and Serrano reached an agreement with shared objectives.[9] Moreover, the confrontation was key to showing Appellant's motive. That is, Appellant opened fire in retaliation for Father and Son confronting Serrano about the defective transmission. The Pennsylvania Rules of Evidence explicitly recognize that evidence which tends to show a motive is relevant. *See* Pa.R.Evid. 404(b)(2). Accordingly, the trial court did not abuse its discretion by admitting evidence related to the confrontation between Serrano and Father and Son.

In his final issue, Appellant argues that the trial court erred in joining his two informations with Serrano's two informations for trial. We review a trial court's decision to join defendants for trial for an abuse of discretion.

---

[9] To the extent Appellant argues that the evidence was inadmissible under Pennsylvania Rule of Evidence 403, that argument is without merit for this same reason. The probative value was extremely high while the risk of unfair prejudice was low.

- 7 -

*Commonwealth v. O'Neil*, 108 A.3d 900, 905 (Pa. Super. 2015), *appeal denied*, 117 A.3d 296 (Pa. 2015). Joinder of defendants charged in separate criminal informations is governed by Pennsylvania Rule of Criminal Procedure 582(A)(2), which provides that, "Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Pa.R.Crim.P. 582(A)(2).

When considering a motion to joint defendants charged in separate criminal informations, the trial court must consider:

> (1) Whether the number of defendants or the complexity of the evidence as to the several defendants is such that the trier of fact probably will be unable to distinguish the evidence and apply the law intelligently as to the charges against each defendant; (2) Whether evidence not admissible against all the defendants probably will be considered against a defendant notwithstanding admonitory instructions; and (3) Whether there are antagonistic defenses.

*Commonwealth v. Brookins*, 10 A.3d 1251, 1256 (Pa. Super. 2010), *appeal denied*, 22 A.3d 1033 (Pa. 2011) (citation omitted).

As this Court recently explained, "joint trials are preferred where conspiracy is charged. Nevertheless, severance may be proper where a party can establish the co-defendants' defenses are so antagonistic that a joint trial would result in prejudice. However, the party seeking severance must present more than a mere assertion of antagonism." *Commonwealth v. Cole*, 2017 WL 2889120, *4 (Pa. Super. July 7, 2017) (internal alterations, ellipsis, and citation omitted); *Commonwealth v. Serrano*, 61

A.3d 279, 285 (Pa. Super. 2013); *see also Commonwealth v. Hartman*, 31 Pa. Super. 364, 367 (1906). In this case, Appellant and Serrano were charged with participating in the same act, *i.e.*, conspiring to murder Father and Son. Thus, Appellant must establish that Serrano's defenses were so antagonistic that a joint trial would result in prejudice.

Appellant fails to establish this fact. Appellant argues that Serrano's offenses were prejudicial because Serrano "brandished a firearm over an insignificant argument." Appellant's Brief at 23. This, however, is less egregious than firing five rounds from an AK-47 at two individuals over that same insignificant argument. Accordingly, we conclude that the trial court did not abuse its discretion by joining Appellant's two criminal informations with Serrano's two criminal informations.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2017

- 9 -