J-A02037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                          :
              v.                            :
                                          :
                                          :
JAMES EVERETT-BEY                     :
                                          :
             Appellant                  :      No. 483 WDA 2020

Appeal from the Judgment of Sentence Entered March 3, 2020
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001988-2017

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:      **FILED:  JUNE 17, 2021**

James Everett-Bey appeals from the judgment of sentence following his convictions for two counts each of Conspiracy and Possession with Intent to Deliver ("PWID"), and one count each of Corrupt Organizations, Dealing in Proceeds of Unlawful Activities, and Criminal Use of a Communication Facility.[1] We affirm.

A multicounty investigating grand jury returned a presentment naming Everett-Bey and two others as operators of a drug distribution conspiracy, and Everett-Bey was charged with drug-related crimes. Before trial, Everett-Bey moved for a change in venue citing "the sensationalized media treatment" of the case, a lack of ethnic diversity in Blair County, and "the current climate of

---

[1] 18 Pa.C.S.A. §§ 903(A), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 911(B), 5111(a), and 7512(a), respectively.

out of town persons[.]" *See* Omnibus Pre-Trial Motions, filed 6/6/18, at ¶¶ 50, 52, 53. He also argued his trial should be severed from that of his co-defendants because he allegedly was a "bit player" and the evidence of his co-defendants' greater roles would unduly prejudice him. *Id.* ¶ 56-57. In an amended pretrial motion, he argued that Blair County had no jurisdiction over him "as [Everett-Bey] is not alleged to have committed any crime in Blair County." *See* Amendment to Omnibus Pre-Trial Motions, filed 4/9/19, at ¶ 2. He also filed a motion to suppress arguing "there was no cooperation agreement . . . nor compliance with [the] Municipal Police Jurisdiction Act [MPJA]"[2] among the multiple counties involved in the investigation. *See* Defendant's Motion to Suppress, filed 7/9/19, at ¶ 4.

The trial court denied Everett-Bey's challenge to venue because "Judge Krumenacker, in his capacity as supervising Judge of the Fortieth Statewide Investigating Grand Jury, designated Blair County as the appropriate venue[.]" Order, filed 12/3/19.[3] It noted that the Attorney General "has statewide jurisdiction[.]" *Id.* It also denied the suppression motion concluding that police agencies from different counties acted properly under the amendment of Section 8953 of the MPJA and *Commonwealth v. Forsythe*, 217 A.3d 273, (Pa.Super. 2019).

---

[2] *See* 42 Pa.C.S.A. § 8953.

[3] The order is dated November 21, 2019.

Everett-Bey and his co-defendants Jabu Robinson and Damon Devine proceeded to a jury trial at which the Commonwealth presented evidence that the three conspired to participate in trafficking cocaine and heroin in Philadelphia, Blair, and Cambria Counties. The testimony was that Everett-Bey participated in the conspiracy by driving Devine to transport drugs and collect money, collecting debts himself, and packaging heroin. N.T., Trial, 12/4/19, at 118, 132, 133, 136, 151, 160.

Following trial, the jury found Everett-Bey guilty of the above offenses. The trial court sentenced him to concurrent terms of two to four years' incarceration. Everett-Bey did not file a post-sentence motion. This timely appeal followed in which Everett-Bey raises the following issues:

I.    Whether the trial court's order of November 21, 2019[,] erred in dismissing challenges to severance and venue in Blair Co., Pa. as Blair Co., Pa. lacked jurisdiction over Mr. Everett-Bey and the charges filed against him, as no criminal conduct occurred by Mr. Everett-Bey in Blair Co., Pa.?

II.   Whether the trial court erred in dismissing objections to jurisdictional cooperation among the various police agencies involved in [Everett-Bey's] charges?

III.  Whether the trial court erred in failing to grant dismissal of the charges filed against [Everett-Bey] at the close of the Commonwealth's case where no evidence was presented showing criminal conduct amounting to a conspiratorial relationship with co-defendants?

IV.   Whether the two (2) to four (4) year concurrent sentences imposed by the trial court were harsh and excessive in light of [Everett-Bey's] relevant conduct?

Everett-Bey's Br. at 4 (trial court answers omitted).

Everett-Bey's first claim challenges the denial of his motion to change venue. He argues that "venue should not have been in Blair Co.," because unlike the defendant in **Commonwealth v. Brookins**, 10 A.3d 1251 (Pa.Super. 2010), he "was not buying or selling drugs in Blair Co., nor anywhere else, but only acted as a driver which never occurred in Blair Co." **Id.** at 10. The Commonwealth maintains that Everett-Bey waived this issue. **See** Commonwealth's Br. at 7.

We review a challenge to the denial of a change of venue for an abuse of discretion. **Commonwealth v. Devries**, 112 A.3d 663, 666 (Pa.Super. 2015). The venue of a case may be changed upon a motion and "when it is determined after hearing that a fair and impartial trial cannot otherwise be had in the county where the case is currently pending." Pa.R.Crim.P. 584(A).

If a defendant is charged following the return of a presentment by a multicounty investigating grand jury, the supervising judge of the grand jury chooses "the county for conducting the trial from among those counties having jurisdiction," and venue is proper in such county. 42 Pa.C.S.A. § 4551(d); **Brookins**, 10 A.3d at 1259. The defendant may nonetheless obtain a change of venue if the defendant establishes that "a fair and impartial trial" cannot take place in the county where the case is pending. Pa.R.Crim.P. 584(A); **Brookins**, 10 A.3d at 1259. Considerations for making that determination include whether trial in the original venue will cause the defendant undue expense; the location of the trial will render the defendant unable to obtain

- 4 -

the presence of witnesses or evidence; the prosecution has engaged in forum shopping to obtain an advantage; and pre-trial publicity rendered a fair trial unlikely. ***Id.***

In ***Brookins***, this Court concluded that the trial court had properly rejected a change of venue even though Brookins was not alleged to have committed criminal acts in the venue. We explained that because Brookins was charged pursuant to a multicounty grant jury presentment, the fact that Brookins' acts did not occur in Montgomery County did not make venue improper there. Rather, "[t]he supervising judge of the grand jury selected Montgomery County as the site of trial for the consolidated cases based not merely upon Brookins's conduct in Philadelphia, but also concerning the activities of other sellers in the drug distribution ring of which Brookins was a part." ***Brookins***, 10 A.3d at 1259.

Here, although Everett-Bey preserved this issue for appellate review by raising her claim in her pretrial motions, his issue lacks merit. As in ***Brookins***, the supervising judge of the multicounty investigating grand jury designated Blair County as the venue based on the alleged acts of Everett-Bey's co-defendants in Blair County. Everett-Bey's attempt at distinguishing ***Brookins*** fails as the court did not base its decision on the nature of the defendant's acts. The trial court did not abuse its discretion in denying the motion.

Everett-Bey's challenge to the denial of severance fares no better. Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse of discretion, or

prejudice and clear injustice to the defendant. ***Commonwealth v. Newman***, 598 A.2d 275, 277 (Pa. 1991).

Severance is proper "if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583. To determine whether to sever trials, the court should first consider whether the evidence of each of the offenses would be admissible in a separate trial for the other and whether such evidence is capable of separation by the jury so as to avoid danger of confusion. If the answers to these questions are in the affirmative, the court should then determine if the defendant will be unduly prejudiced by the consolidation of offenses. ***Commonwealth v. Collins***, 703 A.2d 418, 422 (Pa. 1997).

Here, Everett-Bey makes no developed argument in support of his severance claim. He conclusorily argues that certain testimony "would not have been admissible in a trial for him alone, and such testimony prejudiced the jury against him." Everett-Bey's Br. at 10. He offers no explanation of the reasons he believes the testimony was inadmissible at a separate trial, or how it worked to his prejudice. This claim is waived.

Next, Everett-Bey claims that the cooperation of Blair County and Cambria County officers from the drug task force was not properly authorized under the MPJA. He acknowledges that pursuant to an amendment to the MPJA, in July 2019 but retroactive to June 1982, which this court upheld in ***Commonwealth v. Forsythe***, 217 A.3d 273 (Pa.Super. 2019), his claim lacks merit. Everett-Bey's Br. at 11. He nonetheless urges us to conclude

otherwise. *Id.* This claim is meritless. We lack the authority to overrule the decision of another panel of this Court. *Commonwealth v. Beck*, 78 A.3d 656, 659 (Pa. Super. 2008).

Everett-Bey also challenges the sufficiency of the evidence for the charge of conspiracy. He maintains that while the Commonwealth presented testimony about his involvement, the testimony "was generic" and did not "provide dates or times or specific locations." Everett-Bey's Br. at 15. He points out that when co-defendant Devine was arrested, he was not present and when officers executed the search warrant at his home, Everett-Bey was "in the living room watching television with no possession of drugs, cash, or weapons[.]" *Id.*

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, as verdict-winner, with all reasonable inferences in its favor. We then ask if the evidence was sufficient for the jury to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Cannavo*, 199 A.3d 1282, 1290 (Pa.Super. 2018). It is the jury's job as factfinder is to weigh the evidence and make credibility determinations, and we are bound by those determinations unless the entire body of evidence introduced at trial "is so deficient that it does not reasonably support a finding of guilt beyond a reasonable doubt, as a matter of law." *In Int. of J.B.*, 189 A.3d 390, 409 (Pa. 2018).

Evidence is sufficient to sustain the charge of conspiracy where the Commonwealth proves beyond a reasonable doubt that the defendant "(1)

entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Fisher***, 80 A.3d 1186, 1190 (Pa. 2013) (quoting ***Commonwealth v. Rios***, 684 A.2d 1025, 1030 (Pa. 1996)); ***see also*** 18 Pa.C.S.A. § 903(a).

The evidence viewed in the light most favorable to the Commonwealth proved that Everett-Bey drove his co-defendant Devine either to transport drugs or to collects debts. Additionally, there was testimony that at times he participated in packaging the drugs. Though this evidence came from one Commonwealth witness, this testimony addressed every element of the crime of conspiracy. ***See Commonwealth v. Johnson***, 180 A.3d 474, 481 (Pa.Super. 2018) (concluding testimony of one witness sufficient to sustain conviction "so long as that testimony can address and, in fact, addresses, every element of the charged crime"). Furthermore, the jury in making a judgment on the credibility and weight of the testimony was free to believe all, part, or none of this testimony. ***See Commonwealth v. Leaner***, 202 A.3d 749, 768 (Pa.Super. 2019) (citation omitted). The evidence was sufficient to sustain the conviction for conspiracy.

For his final argument, Everett-Bey claims the trial court "did not recite or give weight to [S]entencing [G]uidelines nor recite why the [c]ourt did not impose a sentence, which with credit for time served, would have released [Everett-Bey] for re-sentencing on his previous parole violation." Everett-Bey's Br. at 19. Such a claim challenges the discretionary aspects of sentence,

and there is no automatic right to appellate review of such a claim. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we may address the merits of Everett-Bey's claim, we must first determine whether: (1) the appeal was timely; (2) the appellant preserved his issue; (3) the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013).

Herein, we do not address the merits of Everett-Bey's claim. Though his appeal is timely, Everett-Bey failed to file a post-sentence motion. This omission results in waiver of his claim. ***See Commonwealth v. Reaves***, 923 A.2d 1119, 1125 (Pa. 2007) (stating failure to file post-sentence motion results in waiver of claims relating to discretionary aspects of sentence). Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: JUNE 17, 2021

- 9 -