**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR LUIS ROMAN-ROSA | : | |
| | : | |
| Appellant | : | No. 111 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 13, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000218-2021

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY LAZARUS, J.: **FILED: DECEMBER 6, 2023**

I cannot conclude, beyond a reasonable doubt, that the prejudicial effect of jointly trying the two informations could not have contributed to Defendant's guilty verdict. Therefore, I would vacate Defendant's judgment of sentence and remand for separate trials.

With regard to the issue of whether to join or sever offenses,[1] our standard of review is as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** Pennsylvania Rule of Criminal Procedure 582 states, in relevant part:

> **Rule 582. Joinder—Trial of Separate Indictments or Informations**
>
> **(A) Standards**

*(Footnote Continued Next Page)*

> The general policy of the laws is to encourage joinder of offenses and consolidation of indictments when judicial economy can thereby be effected, especially when the result will be to avoid the expensive and time consuming duplication of evidence. **Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant**.

*Commonwealth v. Ernst*, 242 A.3d 389 (Pa. Super. 2020) (emphasis added), citing *Commonwealth v. Johnson*, 236 A.3d 1141, 1150-51 (Pa. Super. 2020). The Majority concludes that the trial court abused its discretion when it denied defendant's motion to sever the charges where there "was very little commonality between the two sets of crimes beyond the fact that [Defendant] targeted his [then-]girlfriends' daughters." Majority Memorandum, at 17. Despite this conclusion, the Majority deems the effect of this abuse of discretion as harmless error because:

- The verdicts indicate that the jury separated the charges and, by returning a not guilty verdict for Y.C., concluded no crime occurred regarding Y.C.;

- The jury acquitting Defendant of both charges with regard to Y.C. shows that the jury rejected Y.C.'s testimony in total;

---

> (1) Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1)(a)-(b).

- There is a presumption that the jury would not have credited Y.C.'s testimony for purposes of convicting Defendant with respect to K.R.; and

- It is confident that the jury faithfully applied the law by not finding Defendant guilty of the Y.C. charges based on fact that "it clearly credited K.R.'s testimony"

Majority Opinion, at 22, 25.

The majority comes to the conclusion that admission of the Rule 404(b) evidence was harmless error despite the fact that it thrice acknowledges this case presents "a close call." Indeed, in determining that the trial court erred by not severing the charges with regard to the two victims, the Majority had to find that the trial court committed a "manifest abuse of discretion," a finding that implicitly requires a determination that the defendant has experienced undue prejudice. *See Commonwealth v. Brookins*, 10 A.3d 1251 (Pa. Super. 2010). With these standards in mind and the legal conclusions reached by the Majority with regard to the failure to sever and the admission of Rule 404(b) evidence, I cannot deem such errors as harmless beyond a reasonable doubt.

It is difficult to imagine a situation where this error could not have contributed to the Defendant's verdict, especially in light of the likelihood that Y.C.'s testimony bolstered the credibility of K.R.'s testimony, regardless of whether the jury convicted Defendant of the Y.C. charges. *Commonwealth v. Dillon*, 925 A.2d 131, 137 (Pa. 2007) (reason for barring Rule 404(b) evidence is not one "of relevance, but of policy, i.e., because of a fear that such evidence is so powerful that the jury might misuse the evidence and convict based solely upon criminal propensity"). In particular, Y.C. may likely

have provided the proverbial "push" the jury needed to get over the hump to find Defendant guilty with regard to K.R. I find this to be especially likely in cases where a jury is faced with a Defendant who is alleged to have harmed not just one, but two minor victims, and where credibility played a major role in the factfinder's ultimate determination. **See Commonwealth v. Hicks**, 156 A.3d 1114, 1157 (Pa. 2017) (Wecht, J., dissenting) ("It is natural and well-nigh inevitable . . . that a juror will conclude that, if a person has assaulted women before, he likely will do so again."). **See also** Majority Opinion, at 18 ("We conclude that this poses a close call, especially given the role of credibility in these types of cases."); **id.** at 21 ("credibility is paramount in sexual abuse cases").

Accordingly, I conclude that the prejudicial effect of the court's erroneous evidentiary ruling was significant and not harmless beyond a reasonable doubt. Because I cannot find that the failure to sever resulted in "no actual prejudice" to defendant, **see id.** at 19, I would vacate Defendant's judgment of sentence and remand for separate trials. **Commonwealth v. Yocolano**, 169 A.3d 47, 64 (Pa. Super. 2017); **see also Shaffner v. Commonwealth**, 72 Pa. 60, 65 (Pa. 1872) ("It is not proper to raise a presumption of guilt, on the ground[] that[,] having committed one crime, the depravity it exhibits makes it likely he would commit another.").