451 A.2d 470

COMMONWEALTH of Pennsylvania

v.

Clayton David THOMAS, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 17, 1981.

Filed Oct. 1, 1982.

Roy Davis, Assistant Public Defender, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTEMURO, and VAN der VOORT, JJ.

CERCONE, President Judge:

This is a direct appeal from judgment of sentence of three to six years and one to two years concurrent imprisonment imposed on appellant following his conviction on charges of receiving stolen property,[1] and the unauthorized use of an automobile.[2]

1. 18 Pa.C.S. § 3925.
2. 18 Pa.C.S. § 3928.

In the late evening of February 1 on the early morning hours of February 2, 1976 the Delaware County home of Christos Voulgaris was burglarized by persons unknown. Taken from Mr. Voulgaris' house were a radio, a jacket containing the keys to his beige 1975 Monte Carlo and the car's purchase order. The car, which had been parked on the street in front of the house, was also missing.

At 4:45 a.m. on February 3, 1976 officers of the Montgomery County community of Lower Merion were summoned to investigate a disturbance of the nocturnal peace. The officers found human footprints in the snow outside the house whence came the call for help. The depressions in the snow suggested that the person who passed there had been running. They followed the tracks for a half mile in the pre-dawn darkness. Where the tracks ended they found appellant cowering in the bushes. He was arrested on the spot. Subsequent investigation turned up a set of keys in the snow near the trail of footprints. Not far from the house the police found Mr. Voulgari's automobile. A search of appellant's person revealed the purchase order for the stolen Monte Carlo.

On a warrant issued by a Delaware County district justice, appellant was arrested on February 11 in the Montgomery County jail. He was given a preliminary hearing in Delaware County on February 20 and held for court on $25,000 bail. The Delaware County district attorney filed informations against appellant on March 26 charging him with burglary, theft by unlawful taking, theft by receiving stolen property and the unauthorized use of an automobile. Appellant filed no pre-trial motions, and stood mute at arraignment, whereupon a plea of not guilty was entered on his behalf. He waived jury trial and was tried by the court without a jury on July 21. At the close of the Commonwealth's case appellant demurred, which demurrer was first granted and then denied following objection by the Commonwealth. Appellant presented no defense. The court

thereupon found appellant not guilty on the burglary and theft charges, and guilty of receiving stolen goods and unauthorized use of an automobile.

Immediately after this finding of guilt appellant conferred with his trial counsel.[3] Without the trial court's compliance with Rule 1123(b) and (c) of the Rules of Criminal Procedure[4] trial counsel moved for immediate sentencing and without first making any oral or written post-trial motions. The court refused the motion and ordered a presentence report. Two months later appellant was sentenced to three to six years on the stolen property charge and one to two years concurrent imprisonment on the unauthorized use charge. This appeal followed.[5]

Appellant now argues that the Delaware County Court of Common Pleas lacked the jurisdiction to convict him of these

**3.** Although still represented by Delaware County Public Defender's Office, appellant is no longer represented by trial counsel, nor is trial counsel still affiliated with that office.

**4.** Rule 1123(b) and (c) read:
 (b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the ten (10) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on ·the record that waiving of post-verdict motions shall preclude raising on appeal any issues which might have been raised in such motions.
 (c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:
 (1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;
 (2) of the time within which he must do so as set forth in paragraph (a); and
 (3) that only the grounds contained in such motions may be raised on appeal.
 Pa.R.Crim.P. 1123(b) and (c).

**5.** Subsequent to perfecting this appeal a petition for leave to file a motion for new trial *nunc pro tunc* was filed below and denied. No appeal was filed from the denial of this petition.

crimes because the evidence adduced at trial was insufficient to establish that the crimes occurred in that county. The Commonwealth disputes appellant's contention that the evidence was insufficient to establish the locus of the crimes. It further argues that appellant waived the issue by his failure to file post-verdict motions. For the reasons following we now reverse and order appellant discharged.

 We reject the Commonwealth's claim that appellant has waived the jurisdiction question by his failure to file post-verdict motions. As our courts have often stated:

> ... the locus of a crime is always in issue, for the court has no jurisdiction of the offense unless it occurred within the county of trial, or unless, by some statute, it need not...

*Commonwealth v. Mull*, 316 Pa. 424, 426, 175 A. 418, 419 (1934).[6] This is true because the proper place for a trial of a crime is not merely a question of venue but rather one of subject matter jurisdiction. See *Commonwealth v. Simeone*, 222 Pa.Superior Ct. 376, 294 A.2d 921 (1972). And see *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 206 A.2d 43 (1965). Moreover, it has repeatedly been held that subject matter jurisdiction is not a waivable issue since it goes directly to the power of the court to act, and that it can be raised at any stage in the proceedings. *See e.g.*, *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974); *Commonwealth v. Varner*, 265 Pa.Superior Ct. 329, 401 A.2d 1235 (1979); *Commonwealth ex rel. Yentzer v. Carpenter*,

6. See also *Commonwealth ex rel. Chatary v. Nailon*, 416 Pa. 280, 206 A.2d 43 (1965); *Commonwealth v. Lawrence*, 282 Pa. 128, 127 A. 465 (1925); *Simmons v. Commonwealth*, 5 Binney 617 (1813); *Commonwealth v. Ohle*, 291 Pa.Superior Ct. 110, 435 A.2d 592 (1981); *Commonwealth v. Varner*, 265 Pa.Superior Ct. 329, 401 A.2d 1235 (1979); *Commonwealth v. Simeone*, 222 Pa.Superior Ct. 376, 294 A.2d 921 (1972); *Commonwealth ex rel. Ritchey v. McHugh*, 189 Pa.Superior Ct. 515, 151 A.2d 659 (1959); *Commonwealth v. Tarsnane*, 170 Pa.Superior Ct. 265, 85 A.2d 606 (1952); *Commonwealth v. Wojdakowski*, 161 Pa.Superior Ct. 250, 53 A.2d 851 (1947); *Commonwealth v. Sexton*, 107 Pa.Superior Ct. 69, 162 A. 678 (1932); *Commonwealth v. Bingaman*, 51 Pa.Superior Ct. 336 (1912).

240 Pa.Superior Ct. 202, 362 A.2d 1101 (1976).[7] Thus it is that the jurisdiction question is properly before us.[8]

■ The merits of the instant case are controlled by the case of *Commonwealth ex rel. Chatary v. Nailon,* supra. The facts of that case were succinctly stated in the opinion by Justice Eagen (later Chief Justice) in this wise:

Two dwelling houses in Montgomery County, Pennsylvania, were burglarized sometime between December 2 and December 7, 1960. Several articles were stolen therefrom, including a camera and a pair of binoculars. On December 10, 1960, for reasons unconnected with the said burglaries, police officers of the City of Philadelphia searched the automobile of Michael Paul Chatary, in the City of Philadelphia, County of Philadelphia, and found

---

**7.** We need not now determine the effect, if any, of appellant's failure to argue the failure of the trial court to conduct a Rule 1123 colloquy. That question remains undecided here, as it did in *Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). As we stated there:

In the past, there has been some question with regard to this Court's sua sponte review of the record to determine whether the lower court complied with Rule 1123(c). Several cases have held that the absence of a specific allegation by appellant that his waiver was unintelligent or involuntary precludes an independent review of the record. *Commonwealth v. Tegano,* 265 Pa.Super. 453, 402 A.2d 526 (1979); *Commonwealth v. Smith,* 258 Pa.Super. 148, 392 A.2d 727 (1978); *Commonwealth v. Harmon,* 267 Pa.Super. 224, 406 A.2d 775 (1979). However, another line of decisions mitigates the harshness of the automatic waiver rule by reasoning that if the record is devoid of an 1123 colloquy by the lower court then appellant cannot be found to have knowingly waived his rights thereunder. *Commonwealth v. Johnson,* 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Steffish,* 243 Pa.Super. 309, 365 A.2d 865 (1976).

*Id.,* 288 Pa.Superior Ct. at 296–297, 431 A.2d at 1056.

**8.** The trial court, in its memorandum opinion did not address the merits of the appeal. The court *sua sponte* acknowledged its failure to conduct the Rule 1123 colloquy but concluded nevertheless that appellant understood "what he was doing." The court went on to state that it might have considered allowing appellant to file post-trial motions *nunc pro tunc* if appellant had informed the lower court of his reasons for taking the appeal. We note that appellant's failure to file a concise statement regarding the reasons for the appeal *is not* a violation of Rule 1925(b) of the Rules of Appellate Procedure, because the lower court never ordered appellant to file such a statement. According to Rule 1925(b) the lower court must order a concise statement of matters complained of on appeal and an appel-

certain of the aforementioned stolen articles therein. As a result, Chatary was later indicted in Montgomery County on charges of burglary, larceny and receiving stolen goods.

Chatary was tried on the indictments on April 27 and August 7, 1961, in Montgomery County before a judge without a jury. He was found guilty on the indictments charging the crime of receiving stolen goods, but not guilty on the burglary and larceny indictments.

. . . . .

At trial, the only evidence offered by the Commonwealth to connect Chatary with the crimes charged was his possession of the stolen goods in Philadelphia County, as discovered by the Philadelphia police in the manner hereinbefore related. Chatary testified and denied involvement in the crimes charged and offered testimony in explanation of the presence of the stolen goods in his automobile. The trial judge found the defendant's denial "incredible" and his explanation of the possession "fantastic." Nevertheless, he acquitted him of the burglary and larceny charges.

*Id.* 416 Pa. at 282, 206 A.2d at 44. (Footnote omitted). The jurisdiction question was not raised pre-trial, although Chatary did raise it in his post-verdict motions. (In the instant case there was some discussion of the jurisdictional facet of the case between appellant's demurrer and the verdict, but none pre-trial.) Chatary's appeal to this Court was quashed as untimely. He then filed a petition for writ of habeas corpus below which was denied; from that denial he appealed to the Supreme Court. In discussing the merits of Chatary's appeal Justice Eagen wrote:

. . . It is . . . well established that unexplained possession in the defendant of property recently stolen is evidence that he is the thief. Also, if the larceny was committed in the perpetration of breaking and entering, such possession is evidence of guilt of the charge of statutory burglary. Also, if the indictment charges re-

lant must fail to comply with such directive before this Court can find waiver under that Rule. *See* Pa.R.A.P. 1925(b).

ceiving stolen goods only, the unexplained possession is evidence of guilt of that crime. See, *Commonwealth v. Gomori*, 192 Pa.Superior Ct. 325, 161 A.2d 649 (1960); *Commonwealth v. Joyce*, 159 Pa.Superior Ct. 45, 46 A.2d 529 (1946). However, such evidence is not conclusive and may be rebutted. It is for the trier of fact alone to say whether the guilt of the defendant is a reasonable inference, fairly deducible from his possession of recently stolen property, in light of all the circumstances, including the reasonableness of his explanation, if any, as to how he came into possession: *Commonwealth v. Newman*, 276 Pa. 534, 120 A. 474 (1923); *Commonwealth v. Kaufman*, 179 Pa.Superior Ct. 247, 116 A.2d 316 (1955); *Commonwealth v. Joyce*, supra; and, *Commonwealth v. Dock*, 146 Pa.Superior Ct. 16, 21 A.2d 429 (1941).

But while evidence of such possession is, in itself, sufficient to warrant a jury in finding that the defendant is guilty of the crime of receiving stolen goods, it is not, in itself, sufficient to establish jurisdiction and venue, where, as here, the possession in the defendant was found in another county. While it is true that venue may be proved by circumstantial evidence (2 Wharton, Criminal Evidence § 928 (11th ed. 1935)), the record herein fails to disclose any circumstance (other than the possession) upon which an inference of venue could be based. While the possession does give rise to an inference of guilt, it does not, in itself, and should not, under the circumstance presented, permit an inference that the goods were received in the county in which they were stolen. This would be contrary to logic and practical experience, especially in these days of rapid transportation and communication.

Moreover, as above noted, the possession gives rise to a *rebuttable* inference only. When the trial court found the defendant "not guilty" of the burglaries and larcenies, this finding established conclusively that the defendant was not at the scene of these crimes, either as a principal or an accessory. Since Montgomery County's connection with the crime, for which the defendant was convicted, was

limited, under the evidence, to the fact that the burglaries and larcenies occurred there, the above finding by the court destroyed the only evidentiary link connecting the defendant with the reception of the goods in that county. The trial evidence was, therefore, insufficient to establish proper venue and jurisdiction.

\* \* \* \* \* \*

It may be asserted that the verdict of guilty necessarily included a finding that the crime was committed where laid in the indictment and is, therefore, conclusive thereof. While there are statements in several cases to support this contention (See e.g., *Commonwealth v. Bubnis*, 197 Pa. 542, 47 A. 748 (1901); *Commonwealth v. Kaiser*, 184 Pa. 493, 39 A. 299 (1898); *Commonwealth ex rel. Koffel v. Myers*, 184 Pa.Superior Ct. 270, 133 A.2d 570 (1957)), an examination of the record in each of these cases discloses that there was sufficient testimony therein to establish proper venue. In the present case, the evidence was clearly insufficient in this respect. Moreover, the *dicta* referred to in *Bubnis, Kaiser* and *Koffel,* supra, are inconsistent with the rulings in other cases, wherein judgments of conviction and sentence in the courts below were reversed on appeal because of the lack of sufficient evidence in the record to establish the fact that the crime occurred in the trial county. *See, Commonwealth v. Tarsnane,* 170 Pa.Superior Ct. 265, 85 A.2d 606 (1952); *Commonwealth v. Wojdakowski,* 161 Pa.Superior Ct. 250, 53 A.2d 851 (1947). Cf. *Commonwealth v. Mull* [316 Pa. 424, 175 A. 418], supra. *Id.* 416 Pa. at 283–285, 206 A.2d at 45–56. Such is also the posture of the instant case. When the lower court found appellant not guilty of the burglary and theft by unlawful taking charges it destroyed any nexus between the remaining charges and the jurisdiction of the Delaware County court to convict appellant. As in *Commonwealth ex rel. Chatary v. Nailon,* supra, the evidence of proper jurisdiction was insufficient and the convictions must be reversed.

The judgments of sentence are vacated, convictions reversed and appellant is ordered discharged.