J-S23010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER CHARLES CUSH | : | |
| | : | |
| Appellant | : | No. 1965 EDA 2017 |

Appeal from the Judgment of Sentence April 24, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006327-2016

BEFORE: SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 08, 2018**

Appellant, Christopher Charles Cush, appeals[1] from the judgment of sentence entered on April 24, 2017 in the Court of Common Pleas of Bucks County. We affirm.

The trial court summarized the factual and procedural history of this case as follows:

On April 24, 2017, Appellant appeared before this [c]ourt and pled *nolo contendere* to one count of Receiving Stolen Property.[1] These charges arose when, on May 6, 2016, victim [Ms. M.] left her home in Newtown Township, Bucks County, Pennsylvania at noon and returned at approximately 3:00 P.M. to

---

[1] In his notice of appeal, Appellant purports to appeal "from the withdrawal of post-sentence motions, entered on June 13, 2017." Notice of Appeal, 6/16/17, at 1. It is evident however, that Appellant is challenging the judgment of sentence imposed on April 24, 2017. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.").

---

\* Former Justice specially assigned to the Superior Court.

find that the interior door, basement door and kitchen window [were] open, and that her kitchen and master bedroom [were] in disarray. [Ms. M.] found that various items of jewelry, cash, a violin and two DeWalt cordless drills were missing from the home. An investigation by Detective Christopher Bush of the Newtown Township Police Department revealed that Appellant had sold one Yamaha violin and one DeWalt Cordless drill to a Philadelphia pawnshop on the same day at approximately 4:39 P.M.[2] Two shoe tread impressions were found on the first floor of the victim's home between the kitchen and second floor stairway. Detective Bush identified one of these partial impressions as being consistent with that of a Converse sneaker. According to Detective Bush, this sneaker tread impression was consistent with the tread impression and design of a pair of Converse sneakers worn by the Appellant. Ms[.] M[.] did not recognize the Converse sneaker tread impression as belonging to any member of her household.

> [1] 18 Pa.C.S. § 3925(a).
>
> [2] Specifically, Appellant received $75 cash for the violin, sold at 4:39 P.M., and $40 cash for the DeWalt Cordless drill, sold at 4:44 P.M.

On August 2, 2016, Newtown Township Police charged Appellant with Burglary,[3] Criminal Conspiracy to commit Burglary,[4] Criminal Trespass by Entering a Building or Occupied Structure,[5] Theft by Unlawful Taking,[6] and Receiving Stolen Property.[7] On January 3, 2017, Appellant filed a Petition for Writ of Habeas Corpus arguing that Counts 1 through 4 were improperly held for court following his preliminary hearing. On March 2, 2017, a hearing was held before The Honorable Albert J. Cepparulo in which Counts 1 [through] 4[2] were dismissed. Upon request of the Bucks County District Attorney's Office, the Philadelphia District Attorney's Office issued a McPhail[8] letter on March 8, 2017, allowing Bucks County to prosecute Appellant's case. Appellant proceeded to trial on Count . . . . 5, and on March 28, 2017, after a two-day jury trial before The Honorable Diane E.

---

[2] While the trial court in its opinion indicates that Counts 1, 3, and 4 were dismissed by Judge Cepparulo, the parties at Appellant's plea hearing indicated that Counts 1 through 4 were dismissed. N.T., 4/24/17, at 27. The same is indicated on Appellant's sentencing order. Order, 4/24/17, at 1.

Gibbons, the court declared a mistrial due to a hung jury. On April 24, 2017, Appellant appeared before this [c]ourt for a second trial and subsequently entered a negotiated *nolo contendere* plea to Count 5.[9] Upon the Commonwealth's recommendation, this [c]ourt sentenced Appellant to one day less than 1 year to one day less than 2 years [of] incarceration.

[3] Count 1: 18 Pa.C.S. § 3502(a)(2).

[4] Count 2: 18 Pa.C.S. § 903(a).

[5] Count 3: 18 Pa.C.S. § 3503(a)(1)(i).

[6] Count 4: 18 Pa.C.S. § 3921(a).

[7] Count 5: 18 Pa.C.S. § 3925(a).

[8] Commonwealth v. McPhail, 692 A.2d 139 (Pa. 1997).

[9] Specifically, Appellant pled *nolo contendere* to "retaining a violin and DeWalt drill knowing that they had been stolen or probably been stolen."

On April 27, 2017, Appellant filed a *pro se* Motion for Reconsideration of Sentence, followed by a counseled Motion to Modify and Reconsider Sentence on May 3, 2017. In both Motions, Appellant argued that he intended to cooperate with the Commonwealth in exchange for a reduced sentence. On May 24, 2017, prior to the disposition of his motions to reconsider sentence, Appellant filed a *pro se* Notice of Appeal to the Superior Court from this court's sentence imposed April 24, 2017. Commonwealth v. Christopher C. Cush, No. 1697 EDA 2017. On June 13, 2017, a hearing was held and Appellant withdrew his *pro se* Motion for Reconsideration and his Motion to Modify and Reconsider Sentence. Appellant subsequently filed a counseled Notice of Appeal to the Superior Court on June 16, 2017. Commonwealth v. Christopher C. Cush, No. 1965 EDA 2017. On August 7, 2017, the Superior Court dismissed Appellant's *pro se* Notice of Appeal, No. 1697 EDA 2017, as duplicative of the appeal docketed at No. 1965 EDA 2017.

Trial Court Opinion, 10/18/17 at 1-3 (internal citations omitted).

Appellant presents the following issue for our review: "Whether it was improper for the Bucks County Court of Common Pleas to exercise venue when the alleged crime of receiving stolen property occurred in Philadelphia County?" Appellant's Brief at 4. Appellant asserts that once the charges of burglary, criminal trespass, and theft by unlawful taking were dismissed, the nexus between Appellant's charges and Bucks County was broken, and therefore, Bucks County was no longer the proper venue in which to prosecute Appellant for receiving stolen property. *Id.* at 8, 10-12. Appellant further maintains that because venue was improper, his conviction for receiving stolen property should be reversed and the sentence vacated. *Id.* at 8.

"[W]hen a defendant enters a guilty plea,[3] he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. 2012). As noted, Appellant is challenging venue in this case. Our Supreme Court has explained that "[s]ubject matter jurisdiction and venue are distinct." ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003). "Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Jurisdiction is a matter of substantive law." *Id.* (internal citation omitted). "Venue relates

---

[3] "It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." ***Commonwealth v. V.G.***, 9 A.3d 222, 226 (Pa. Super. 2010).

to the right of a party to have the controversy brought and heard in a particular judicial district. Venue is predominately a procedural matter, generally prescribed by rules of this Court. Venue assumes the existence of jurisdiction." ***Id.*** (internal citations omitted).

Thus, Appellant's challenge to venue is not a challenge to the court's jurisdiction. Additionally, Appellant's claim does not contest the validity of the plea or the legality of sentence. Accordingly, Appellant's challenge to venue has been waived by entry of his plea of *nolo contendere*.

Assuming *arguendo* that Appellant had not waived his claim, we agree with the trial court's conclusion that venue in this case was proper.[4] "Venue in a criminal action properly belongs in the place where the crime occurred." ***Commonwealth v. Gross***, 101 A.3d 28, 33 (Pa. 2014). "Generally, venue begins in the court with a geographic connection to the underlying crime. If a litigant moves to change venue, that litigant must demonstrate some necessity to justify the change in venue." ***Commonwealth v. Dixon***, 985 A.2d 720, 722 (Pa. 2009). The Pennsylvania Rules of Criminal Procedure contemplate that there may be a choice of venue in a criminal case and that cases may be transferred when necessary and appropriate. Rule 130(A)(3)

---

[4] Appellant challenged venue by oral motion on March 2, 2017. The trial court denied this motion by order entered March 24, 2017. Although the notes of testimony from these proceedings are not in the record, the parties agree that the motion was made orally on March 2, 2017. Appellant's Brief at 5; Commonwealth's Brief at 9.

of the Pennsylvania Rules of Criminal Procedure states, "When charges arising from the same criminal episode occur in more than one judicial district, the criminal proceeding on all the charges may be brought before one issuing authority in a magisterial district within any of the judicial districts in which the charges arising from the same criminal episode occurred." Pa.R.Crim.P. 130(A)(3). Moreover, this Court has held that where multiple offenses committed across several counties are to be prosecuted in one county, "it is not necessary that the county so chosen be the situs of each and every crime charged. It is enough that one of the offenses being tried occurred in that county." *Commonwealth v. Brookins*, 10 A.3d 1251, 1259 (Pa. Super. 2010). Venue may be changed

> "when it is determined after hearing that a fair and impartial trial cannot be [sic] otherwise be had in the county where the case is currently pending." Pa.R.Crim.P. 584(A). The moving party bears the burden of showing that such a change is necessary and must demonstrate that he or she cannot receive a fair and impartial trial in the county in which venue was originally established. See *Bethea*, 828 A.2d at 1075 ("[I]t is important to keep in mind the primary concern in change of venue cases; does the location of the trial impact on the ability of the parties to have their case decided before a fair and impartial tribunal?"). In evaluating the likelihood of prejudice, our Supreme Court has considered whether trial in the original venue caused the defendant to incur undue expense, whether the location of the trial rendered the defendant unable to obtain the presence of defense witnesses or evidence, whether the prosecution was engaged in forum shopping to obtain an advantage over the defense, *see id.* at 1077, and of course, whether pre-trial publicity rendered a fair trial unlikely.

*Id.* at 1259 (internal citation omitted).

Here, the evidence presented at the preliminary hearing established that the theft of the goods occurred in Bucks County. N.T., 9/26/17, at 5-8. While Appellant pled *nolo contendere* to receiving the stolen property, it is unclear where Appellant received those goods.[5] The evidence is sufficient, therefore, to establish that at least one incident in this criminal episode occurred in Bucks County. Moreover, this Court has provided the following analysis in addressing charges of receiving stolen property:

> It is ... well established that unexplained possession in the defendant of property recently stolen is evidence that he is the thief. . . . if the indictment charges receiving stolen goods only, the unexplained possession is evidence of guilt of that crime. However, such evidence is not conclusive and may be rebutted. It is for the trier of fact alone to say whether the guilt of the defendant is a reasonable inference, fairly deducible from his possession of recently stolen property, in light of all the circumstances, including the reasonableness of his explanation, if any, as to how he came into possession.

***Commonwealth v. Thomas***, 451 A.2d 470, 473 (Pa. Super. 1982).

At the preliminary hearing, evidence established that Appellant sold the items stolen in Bucks County at the pawn shop in Philadelphia County. Documentation acquired from the pawn shop reflects that the stolen items were presented for sale by Appellant. N.T., 9/26/16 at 17-20. Video surveillance from the pawn shop reflected that Appellant was the individual

---

[5] There is no evidence supporting Appellant's claim that "it is undisputed that the alleged crime of receiving stolen property occurred in Philadelphia." Appellant's Brief at 10. The evidence establishes only that Appellant sold the stolen property in Philadelphia.

who sold the stolen goods. *Id.* at 20. Further, the evidence establishes that Appellant was at the pawn shop selling the stolen items within hours of the theft in Bucks County. *Id.* at 18. Additionally, testimony established that shoe impressions were discovered at the scene of the burglary in Bucks County. N.T., 9/26/16, at 20-21. The treads were consistent with Converse foot wear. *Id.* at 21-22. Appellant was identified as wearing Converse sneakers. *Id.* at 24. Moreover, Ms. M. testified that no one in her home wore Converse shoes. *Id.* at 15. Thus, the rebuttable inference that Appellant was the thief due to his possession of the stolen goods is supported by the additional evidence regarding Appellant's presence at the pawn shop with the stolen items within hours of the theft and the shoe tread marks found at the scene of the crime. Accordingly, the totality of circumstances supports the conclusion that Appellant was involved in the crime that occurred in Bucks County. Venue was therefore proper in Bucks County.[6]

Appellant cites to **Thomas** in support of his position that Bucks County was an improper venue. Appellant's Brief at 10-11. In **Thomas**, a Delaware

---

[6] Our Supreme Court has held that "[b]ecause the Commonwealth selects the county of trial, . . . it shall bear the burden of proving venue is proper-that is, evidence an offense occurred in the judicial district with which the defendant may be criminally associated, either directly, jointly, or vicariously." **Gross**, 101 A.3d at 33. The Court determined that venue should be proven by a preponderance of evidence. *Id.* "Because venue is not part of a crime, it need not be proven beyond a reasonable doubt as essential elements must be." *Id.* Furthermore, "venue need not be proven by direct evidence but may be inferred by circumstantial evidence." *Id.* For reasons discussed, venue in Bucks County has been proven by a preponderance of the evidence.

County home was burglarized, and a vehicle was stolen. *Thomas*, 451 A.2d at 470-471. Thomas was later found and arrested in Montgomery County. *Id.* at 471. The stolen vehicle was recovered in Montgomery County. *Id.* Thomas was charged in Delaware County with burglary, theft by unlawful taking, theft by receiving stolen property, and unauthorized use of a motor vehicle. *Id.* Thomas was acquitted of the burglary and theft-by-unlawful-taking charges. *Id.* As a result, this Court concluded that the nexus between the remaining charges, receiving stolen property and unauthorized use of a motor vehicle, and Delaware County was broken. *Id.* As a result, this Court reversed the conviction because Delaware County did not have jurisdiction to prosecute the crime. *Id.*

*Thomas* is distinguishable from the current case. As noted, in this case, additional evidence tying Appellant to the theft in Bucks County supported the inference that Appellant had committed the crimes of burglary and theft in Bucks County. That evidence included Appellant's possession of the stolen items shortly after the theft, his pawning of those items, and the fact that he wore shoes having similar tread marks to those discovered at the scene of the burglary and theft. Moreover, Appellant has failed to present evidence rebutting that inference. *Thomas*, 451 A.2d at 473. Thus, we find *Thomas* to be inapplicable to this case.

Furthermore, Appellant has failed to establish that he could not receive a fair and impartial trial in Bucks County. *Brookins*, 10 A.3d at 1259. Thus,

even if Appellant's claim had not been waived, venue was proper in Bucks County, and the trial court did not err in denying Appellant's motion to transfer venue to Philadelphia County.[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18

---

[7] We note that even if venue were not proper, Appellant would not be entitled to vacation of his sentence. When improper venue is determined, the appropriate remedy is transfer of the case to another judicial district. **Gross**, 101 A.3d at 36. "[D]ismissal is disproportionate and unjust where a court merely finds another judicial district provides a more appropriate forum." **Id.**