IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Wheeler,                          :
                   Appellant     :
                              :
          v.                      :
                              :
PA Dept. of Corrections, Daniel J.       :
Gehlmann, Gerald L. Rozum, and           :  No. 178 C.D. 2022
John Wetzel                              :  Submitted: December 4, 2023


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                  FILED: January 10, 2024


        Ronald Wheeler (Wheeler), *pro se*, appeals from the February 8, 2022 order of the Court of Common Pleas of Cumberland County (trial court) denying his second petition for leave to appeal *nunc pro tunc*. The trial court issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(a), Pa.R.A.P. 1925(a), deeming all issues pertaining to Wheeler's appeal from the February 8, 2022 order waived for failure to include them in his Rule 1925(b) statement of errors complained of on appeal. The Pennsylvania Department of Corrections (Department); John Wetzel, Secretary of the Department; Gerald L. Rozum, former superintendent of the State Correctional Institution at Somerset (SCI-Somerset); and Daniel J. Gehlmann, former deputy superintendent of SCI-Somerset (collectively, Appellees), submitted an application to quash Wheeler's appeal. Wheeler filed a petition asking this Court to remand the matter to the trial court to permit him to

amend his timely filed Rule 1925(b) statement pursuant to Rule 1925(c)(2). For the following reasons, we grant Wheeler's petition to remand and deny Appellees' application to quash.

## I. Background

In July 2016, Wheeler filed suit in the trial court against Appellees, alleging that the negligent maintenance of cooling towers at SCI Somerset resulted in the presence of Legionella and other bacteria in the water supply in June and July of 2013, causing him to suffer various adverse effects following exposure to the contaminated water. Original Record (O.R.) at 6-14. In May 2021, Appellees filed a motion for judgment on the pleadings, asserting that Wheeler's action was time barred. *See id.* at 956-57. On November 8, 2021, the trial court granted Appellees' motion and dismissed Wheeler's suit with prejudice, determining that Wheeler did not toll the applicable limitations period by filing a complaint in federal court, as his state suit constituted a separate action. *Id.* at 959-60 & 1043.

Wheeler filed an application for reconsideration asking the trial court to vacate its November 8, 2021 order and requesting leave to amend his complaint to conform to evidence supporting application of the discovery rule. O.R. at 1050-51. Wheeler further asserted that the trial court erred in determining that the filing of his claim in federal court did not toll the relevant limitations period. *Id.* at 1052. In December 2021, Wheeler filed a petition to appeal *nunc pro tunc* from the trial court's November 8, 2021 order, which the court granted. O.R. at 1000 & 1026. However, Wheeler failed to file his *nunc pro tunc* appeal. *See id.* at 1025. Wheeler later filed a second petition for leave to appeal *nunc pro tunc*, which the trial court denied by order dated February 8, 2022 on the basis that the "[p]rothonotary was

2

under no obligation to file an exhibit as a [n]otice of [a]ppeal," and noting "that [Wheeler] did not file an appeal *nunc pro tunc* after being granted leave to do so[.]" O.R. at 1025.

Wheeler filed a notice of appeal from the trial court's February 8, 2022 order. *See* O.R. at 1036. Wheeler also filed an application for reconsideration, which the trial court granted by order dated February 25, 2022. O.R. at 1049. Accordingly, the trial court vacated and reversed its February 8, 2022 order denying Wheeler's second petition for leave to appeal *nunc pro tunc* and informed Wheeler that he had thirty days from the date of the order to file a notice of appeal *nunc pro tunc* from the court's November 8, 2021 order. *Id.* Also on February 25, 2022, the trial court filed an order containing apparent typographical errors, which provided as follows:

> AND NOW, this 25th day of February 2022, *Defendant* having filed a [n]otice of [a]ppeal, *Defendant* is directed to file of record, within twenty-one (21) days hereof, and serve[] upon the undersigned, a concise statement of errors complained of on appeal. Any issue not properly included in the concise statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived.

Wheeler's Br., Ex. C, Trial Ct. Order, 2/25/22 (emphasis added). Wheeler filed a praecipe to render his notice of appeal inoperative in light of the February 25, 2022 order vacating the court's February 8, 2022 order. O.R. at 1036. Wheeler thereafter filed a notice of appeal *nunc pro tunc* from the trial court's November 8, 2021 order, stating that he was doing so pursuant to the trial court's February 25, 2022 order. *Id.* at 1041.

Confusingly, on February 28, 2022, the trial court denied Wheeler's motion for reconsideration. *See id.* at 1045. On March 9, 2022, Wheeler filed a

statement of errors complained of on appeal pursuant to Rule 1925(b). O.R. at 1033. Wheeler stated that he was filing the statement pursuant to the trial court's February 25, 2022 order. *Id.* Accordingly, Wheeler identified eight issues pertaining only to the trial court's November 8, 2021 order granting Appellees' motion for judgment on the pleadings. *Id.* at 1033-34.[1] The following day, the trial court struck its February 25, 2022 order granting Wheeler's motion for reconsideration, explaining that "upon the court's review of the docket, it [was] evident that the [o]rder . . . [was] an erroneous filing," and clarifying that "[t]he [o]rder denying Wheeler's [m]otion for [r]econsideration filed on February 28, 2022 [was] the correct [o]rder." *Id.* at 1045.

On March 11, 2022, Wheeler filed an application for reconsideration *nunc pro tunc*, requesting that the trial court vacate its February 8, 2022 order and permit reconsideration *nunc pro tunc* of the court's November 8, 2021 order or, alternatively, that the trial court direct the prothonotary to correct the record to reflect Wheeler's effort to apply for reconsideration of the November 8, 2021 order. O.R. at 1046.

Meanwhile, on February 23, 2022, Wheeler filed with this Court a notice of appeal from the trial court's February 8, 2022 order. Notice of Appeal, 2/23/22. In March 2022, Wheeler filed a petition to remand, requesting that this Court vacate the trial court's November 8, 2021 order granting Appellees' motion

---

[1] The eight issues identified in Wheeler's Rule 1925(b) statement include, for instance, whether the trial court erred in holding that the filing of his action in federal court did not toll the limitations period and whether the trial court erred in granting Appellees' motion for judgment on the pleadings when application of the discovery rule rendered his suit timely. O.R. at 1033-34. Wheeler concedes that his Rule 1925(b) statement "rais[ed] issues related to the November 8, 2021 [o]rder granting the motion for judgment on the pleadings." Appl. for Relief, 4/6/22 at 4.

for judgment on the pleadings and remand the matter to the trial court for consideration of an application for reconsideration which he filed requesting leave to amend his complaint. Pet. to Remand, 3/21/22.

Also in March 2022, the trial court issued a Rule 1925(a) opinion concluding that Wheeler waived any and all issues pertaining to his appeal from the court's February 8, 2022 order, as none of the eight issues included in his Rule 1925(b) statement pertained to that order. Trial Ct. Op., 3/21/22. Accordingly, this Court ordered the parties to address whether Wheeler waived all issues on appeal. *See* Cmwlth. Ct. Order, 3/28/22.

In April 2022, Wheeler filed with this Court a petition to remand the matter to the trial court pursuant to Rule 1925(c)(2) to permit him to file an amended Rule 1925(b) statement, contending that the trial court's February 25, 2022 order erroneously directed "Defendants," rather than Wheeler, to file the statement. Pet. to Remand, 4/6/22. Wheeler further asserted that because the other February 25, 2022 trial court order directed him to appeal from the court's November 8, 2021 order, he "understandably concluded that the issues to be raised in [the] Rule 1925(b) [s]tatement were those regarding the grant of the motion for judgment on the pleadings." *Id.* at 5-6. Appellees filed an application to quash Wheeler's appeal, asserting that his failure to comply "in a meaningful way" with the trial court's order directing him to file a Rule 1925(b) statement "waived any issues he might otherwise [have] raise[d] in his appeal." Appl. to Quash, 4/7/22 at 4. By order dated April 28, 2022, this Court stated that Appellees' application to quash and Wheeler's petition

5

to remand would be decided with the merits of the appeal. Cmwlth. Ct. Order, 4/28/22.[2]

## II. Issues

Before this Court,[3] Wheeler argues that his failure to raise issues in his Rule 1925(b) statement pertaining to the trial court's February 8, 2022 order does not require quashal of his appeal, because the trial court's February 25, 2022 order directing him to file the statement was deficient. *See* Wheeler's Br. at 8 (citing *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1012 (Pa. 2010); *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002); *Rahn v. Consol. Rail Corp.*, 254 A.3d 738 (Pa. Super. 2021); *Commonwealth v. Thomas*, 451 A.2d 470 (Pa. Super. 1982)). In support of his contention, Wheeler contends that the trial court's February 25, 2022 orders directing him to file a notice of appeal *nunc pro tunc* from the trial court's

---

[2] This Court's April 28, 2022 order does not specify which of Wheeler's petitions to remand would be decided with the merits. However, the order presumably references Wheeler's second petition, as the first petition requested that this Court vacate the trial court's November 8, 2021 order, whereas the instant appeal concerns the court's February 8, 2022 order. Accordingly, we deny Wheeler's first petition to remand. *See Jordan v. Pa. State Univ.*, 276 A.3d 751, 761 (Pa. Super. 2022) (explaining that "Pennsylvania Rule of Appellate Procedure 904[, Pa.R.A.P. 904,] requires a petitioner to specifically identify in his notice of appeal the order from which he wishes to appeal").

[3] "The decision whether to permit an appeal *nunc pro tunc* is an equitable matter and this Court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law." *Pa. Dep't of Transp., Bureau of Traffic Safety v. Rick*, 462 A.2d 902, 903 (Pa. Cmwlth. 1983) (italics added).

The "legal issue regarding the impact of a trial court's arguably deficient [Rule] 1925(a) order on the determination of an appellant's compliance and/or waiver of issues under Rule 1925(b) . . . involves questions of law"; thus, "our review is plenary." *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002).

6

November 8, 2021 order and instructing him to file a Rule 1925(b) statement were misleading. *Id.* at 9. Thus, Wheeler requests that this Court remand the matter to the trial court to permit him to amend his timely Rule 1925(b) statement to include issues pertaining to his appeal from the February 8, 2022 trial court order. *See id.* Alternatively, Wheeler maintains that this Court may decide the merits of his appeal, because the trial court's February 8, 2022 order "fully explained" its rationale in denying Wheeler's second petition for leave to appeal *nunc pro tunc*. *Id.*

With respect to the trial court's February 8, 2022 order, Wheeler contends that the trial court abused its discretion in denying his second petition for leave to appeal *nunc pro tunc*, because the court failed to instruct him to file his notice of appeal within 30 days of the grant of his first request to proceed *nunc pro tunc*. Wheeler's Br. at 9-10. Regarding the trial court's November 8, 2021 order, Wheeler asserts that the trial court erred in granting Appellees' motion for judgment on the pleadings, where "unknown or disputed issues of fact" remained regarding causation and the timing of his discovery of the alleged injury. *Id.* at 10-12. Further, Wheeler maintains that the trial court erred in determining that the pendency of his suit in federal court did not toll the applicable limitations period for his suit in state court. *Id.* at 13-14. Moreover, Wheeler contends that the trial court abused its discretion in denying his request for leave to amend his complaint to include averments that would have sufficed to toll the relevant statute of limitations pursuant to the discovery rule and the fraudulent concealment doctrine. *Id.* at 14-18. Lastly, Wheeler insists that the trial court's failure to apply the discovery rule contravened his constitutional right to due process of law. *Id.* at 18-19.

Appellees counter that Wheeler was not prejudiced by the trial court's misnomer in its February 25, 2022 order instructing the "defendant," rather than

Wheeler, to file a Rule 1925(b) statement, as he nevertheless filed the statement. Appellees' Br. at 10. Thus, Appellees maintain that Wheeler is not entitled to amend his Rule 1925(b) statement or to an extension of the appeals period. *Id.* Further, Appellees contend that the trial court acted within its discretion in denying Wheeler's second petition to appeal *nunc pro tunc*, where he failed to file a notice of appeal within 30 days of the trial court's grant of his first *nunc pro tunc* petition. *Id.* Appellees point out that Wheeler failed to cite any rule or other authority requiring the prothonotary to file the proposed notice of appeal attached as an exhibit to his *nunc pro tunc* petition, or to establish that this alleged inaction constituted a breakdown in the court's operation justifying *nunc pro tunc* relief. *Id.* at 11. Regardless, Appellees maintain that Wheeler's action is time barred, as he filed his July 7, 2016 complaint more than two years following the accrual of his cause of action sometime between July 1, 2013 and October 23, 2013. *Id.* at 12-16.

### III. Discussion

We agree with Appellees that Wheeler was not prejudiced by the trial court's misnomer in its February 25, 2022 order in directing the "defendant," rather than Wheeler, to file a Rule 1925(b) statement, as Wheeler timely filed the statement. However, we are persuaded by Wheeler's assertion that the two orders issued by the trial court on February 25, 2022 misled him into identifying in his Rule 1925(b) statement only issues complained of on appeal from the court's November 8, 2021 order, thereby providing good cause to remand the matter for amendment of his Rule 1925(b) statement to include errors complained of on appeal from the court's February 8, 2022 order.

Rule 1925 provides, in pertinent part:

8

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal . . . .

. . . .

**(c) Remand.**

. . . .

(2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a [Rule 1925(b) s]tatement or for amendment or supplementation of a timely filed and served [Rule 1925(b) s]tatement and for a concurrent supplemental opinion. . . .

Pa.R.A.P. 1925(b), (c)(2).

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation under the rule[.]" *Berg*, 6 A.3d at 1007-08. Thus, courts "look first to the language of that order." *Id.* at 1008; *see also id.* at 1008 n.11 (noting that "absent an order by the trial court, an appellant has no obligation to file a Rule 1925(b) statement").

Here, the trial court's two February 25, 2022 orders misled Wheeler, thereby providing good cause to remand the matter to permit amendment of his Rule 1925(b) statement. The first February 25, 2022 order granted Wheeler's motion for reconsideration of the trial court's February 8, 2022 order, vacated and reversed that

9

order and provided Wheeler with 30 days to file a notice of appeal *nunc pro tunc* from the court's November 8, 2021 order. O.R. at 1049. The second February 25, 2022 order directed Wheeler to file a Rule 1925(b) statement. Wheeler's Br., Ex. C., Trial Ct. Order, 2/25/22. The effect of the two February 25, 2022 orders was to instruct Wheeler to file a Rule 1925(b) statement from the trial court's November 8, 2021 order. On March 9, 2022, Wheeler filed his Rule 1925(b) statement, noting that he was doing so pursuant to the trial court's February 25, 2022 order. O.R. at 1033. The following day, the trial court struck its February 25, 2022 order granting Wheeler's motion for reconsideration as "an erroneous filing," thereby reinstituting its February 8, 2022 order. *See id.* at 1045.

"[I]t is axiomatic that in order for an appellant to be subject to waiver for failing to file a timely [Rule] 1925(b) statement, the trial court must first issue a [Rule] 1925(b) order directing him to do so." *Hess*, 810 A.2d at 1252. Here, the trial court did not order Wheeler to file a Rule 1925(b) statement identifying the errors complained of on appeal from the February 8, 2022 order. *See* Pa.R.A.P. 1925(b). Thus, Wheeler cannot be penalized for failing to file a Rule 1925(b) statement in connection with his present appeal from that order. *See Rahn*, 254 A.3d at 747 (declining to deem an appellant's issues waived, where "the trial court's [Rule] 1925(b) order [was] itself deficient"); *Hess*, 810 A.2d at 1255 and 1255 n.9 (citation omitted) (reversing an order of the Superior Court deeming all issues waived for purposes of appellate review and remanding the matter for consideration of those issues, concluding that an "[a]ppellant cannot be penalized for failing to file a timely 1925(b) statement" when he "was not served with notice of the trial court's . . . order directing him to file . . . [the] statement" and further noting that "the rule permitting the trial court to direct an appellant to file a 1925(b) statement and

providing that failure to do results in waiver may not be employed as a trap to defeat appellate review"); *Thomas*, 451 A.2d at 472 n.8 ("not[ing] that [the] appellant's failure to file a concise statement regarding the reasons for the appeal [was] not a violation of Rule 1925(b) . . . , because the lower court never ordered [the] appellant to file such a statement," further explaining that "[a]ccording to Rule 1925(b) the lower court must order a concise statement of matters complained of on appeal and an appellant must fail to comply with such directive before [an appellate court] can find waiver under that Rule"); *cf. Berg*, 6 A.3d at 1012 (reversing the order of the Superior Court affirming the trial court's decision on the basis that the appellants waived all issues on appeal and remanding the matter to the Superior Court for remand to the trial court for preparation of an opinion addressing the issues raised in the appellants' Rule 1925(b) statement,[4] holding "that the issues raised in [the a]ppellants' [Rule] 1925(b) [s]tatement were not waived, despite the fact that the statement was not personally served on the trial judge, where personal service was attempted by counsel and thwarted by the prothonotary, and where the court's Rule 1925(a) order specified 'filing' and not 'service'"). We, therefore, conclude, that the trial court's failure to order Wheeler to file a Rule 1925(b) statement identifying errors complained of on appeal from the trial court's February 8, 2022 order provides good cause to remand the matter to the trial court to permit Wheeler to amend his timely filed Rule 1925(b) statement to identify errors complained of on appeal from that order and for the trial court to file a concurrent supplemental opinion. *See* Pa.R.A.P. 1925(c)(2). Accordingly, we grant Wheeler's petition to remand this

---

[4] The Pennsylvania Supreme Court decided *Berg* under the version of Rule 1925 preceding the 2007 amendments, which added the provision for remand upon good cause shown contained in subsection (c) of the current statute. *See Berg*, 6 A.3d at 1017 n.2 (Baer, J., dissenting).

11

matter pursuant to Rule 1925(c)(2), and we deny Appellees' application to quash Wheeler's appeal.

## IV. Conclusion

For the foregoing reasons, we grant Wheeler's petition to remand the matter to the trial court to permit him to amend his timely filed Rule 1925(b) statement and for the filing of a concurrent supplemental trial court opinion. *See* Pa.R.A.P. 1925(c)(2). Further, we deny Appellees' application to quash Wheeler's appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Wheeler,                                    :
                              Appellant            :
                                                   :
            v.                                     :
                                                   :
PA Dept. of Corrections, Daniel J.                 :
Gehlmann, Gerald L. Rozum, and                     :    No. 178 C.D. 2022
John Wetzel                                        :


## O R D E R

AND NOW, this 10th day of January, 2024, the petition filed by Ronald Wheeler (Wheeler) seeking remand pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(c)(2) to the Court of Common Pleas of Cumberland County (trial court) to permit amendment of his timely filed Rule 1925(b) statement of errors complained of on appeal (Rule 1925(b) statement), is GRANTED. Wheeler shall file his Rule 1925(b) statement within 30 days of the date of this order. The trial court shall file a supplemental opinion within 30 days thereafter. The Application to quash Wheeler's appeal filed by the Pennsylvania Department of Corrections, Wetzel, Gerald L. Rozum and Daniel J. Gehlmann on April 7, 2022 is DENIED. The petition to remand filed by Wheeler on March 21, 2022 is DENIED.

Jurisdiction retained.

_____
CHRISTINE FIZZANO CANNON, Judge